# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY THERESE DUMBLE** : | No. 3:04cv1789 |
| **WILLIAMS, as Executrix of the** : | |
| **Estate of ARTHUR EARL DUMBLE,** : | (Judge Munley) |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| **d/b/a, a/k/a, and/or acting through** : | |
| **the DEPARTMENT OF VETERANS** : | |
| **AFFAIRS and the VETERANS** : | |
| **AFFAIRS MEDICAL CENTER, and the** : | |
| **UNITED STATES OF AMERICA,** : | |
| **individually,** : | |
| **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

This matter having been heard by the court as a non-jury trial on August 24, 2005, we hereby make the following findings of fact[1] and conclusions of law:

**I. Findings of fact**

1) Plaintiff's decedent Arthur E. Dumble (hereinafter "Dumble") was born on October 15, 1932.

2) Dumble was sixty-eight years of age when he presented himself to Defendant Veterans Affairs Medical Center in Wilkes-Barre, Pennsylvania ("VAMC") for treatment on February 3, 2001.

3) On February 3, 2001, Dumble presented himself to Defendant VAMC where he conveyed complaints of burning pain in his chest and epigastrum.

4) An EKG performed in the VAMC Emergency Department revealed evidence of an old inferior wall infarct and definite up sloping ST segment depression in leads I, VL, and V2 through V5.

---

[1] The findings of fact are derived from undisputed facts found in plaintiff's pretrial memorandum (Doc. 18). Defendants have agreed to these facts. See (Doc. 21). We have only made slight stylistic changes to the findings of fact. Beginning with finding number 14, we provide citations for the record as these are the matters discussed at the trial.

5) Dumble's CPK was noted to be elevated to 640 and his troponin I level was noted as being positive by K. Patel, M.D., the Emergency Department physician attending to him.

6) Therapy of sublingual nitroglycerin, subcutaneous Lovenox, aspirin and nitroglycerin ointment was started in the Emergency Department.

7) Medical resident A.K. Azad, M.D., examined Dumble on February 4, 2001.  He acknowledged Dumble's chest pain, abnormal EKG and elevated cardiac enzymes, and he concluded that an acute coronary syndrome had to be ruled out.

8) Azad's notes indicate that he discussed his findings with Ashok Agarwal, M.D., by telephone and the Agarwal agreed with Azad's plan of treatment and management.

9) Agarwal ordered repeated troponin levels to be drawn, but the order was subsequently canceled.

10) Dumble was discharged from the VAMC on February 5, 2001 at approximately 5:30 p.m.

11) Dumble went into cardiac arrest while being driven home by his son only minutes after being discharged from the VAMC on February 5, 2001.

12) Dumble was pronounced dead at Mercy Hospital in Wilkes-Barre at 6:16 p.m. on February 5, 2001.

13) Dumble suffered an acute non Q wave myocardial infarction on or about February 3, 2003.

14) Dumble had a life expectancy of 82.6 years (Trial Dep. of Brian P. Sullivan, Ph.D. ("Sullivan Dep.") at 13).

15) The net retirement income loss resulting from Dumble's death is $110,595.00.  (Def. Ex. 7, Verzilli and Verzilli Report, page 2).

16) Decedent's funeral related expenses are $8,967.78.(Pl. Ex. 9, p. 6).

17) Estate administration expenses in the instant case are $ 2,285.35 (Pl. Ex. 9, p. 6).

## II. Conclusions of law

1) We have jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b), the Federal Torts Claim Act for medical malpractice committed by the VAMC and its medical personnel and/or employees.

2) Defendant concedes that it breached the duty of care it owed to Dumble.

3) Under Pennsylvania's Wrongful Death Statute plaintiff is entitled to recover damages for the death of an individual caused by the wrongful act or neglect of another.  42 PA.C.S.A. § 8301(a).

4) Under the Wrongful Death Statute a plaintiff can recover, "in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death."  42 PA.C.S.A. § 8301(c).

5) The Survival Act allows the plaintiff to recover for decedent's pain and suffering from the time of the injury to death. Frey v. Pennsylvania Elec. Co., 607 A.2d 796, 798 (Pa. Super. Ct. 1992).   42 PA.C.S.A. § 8302

6) We find that the plaintiff experienced pain and suffering.  When his son picked him up at the hospital, Dumble was speaking very little.  (N.T. Trial, Aug. 2, 2005 at 21).  Evidently, Dumble was uncomfortably hot as the temperature outside was below freezing, and he nevertheless rolled down the window on the car.  (Id.).  When the car stopped, he started to slide himself out, his eyes rolled up in his head, he gasped twice and his head dropped.  (Id.).  His son then threw him into a pile of snow and began to perform CPR.  (Id.).

Accordingly, we will award the following amounts to the plaintiff:  1) Funeral expenses: $8,967.78; 2) Administrative costs: $2,285.35; 3) Loss of net retirement income: $110,595.00; and 4) Pain and suffering: $80,000.00.

An appropriate verdict follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARY THERESE DUMBLE** | : | No. 3:04ccv1789 |
| **WILLIAMS, as Executrix of the** | : | |
| **Estate of ARTHUR EARL DUMBLE,** | : | (Judge Munley) |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **d/b/a, a/k/a, and/or acting through** | : | |
| **the DEPARTMENT OF VETERANS** | : | |
| **AFFAIRS and the VETERANS** | : | |
| **AFFAIRS MEDICAL CENTER, and the** | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **individually,** | : | |
| **Defendants** | : | |

## VERDICT

**AND NOW**, to wit, this 17th day of October 2005, the court's verdict is as follows:

Defendant is liable to the plaintiff for the following amounts:

| | |
|---|---|
| 1) Funeral expenses: | $8,967.78 |
| 2) Administrative costs: | $2,285.35 |
| 3) Loss of net retirement income: | $110,595.00 |
| 4) Pain and suffering: | $80,000.00 |

Total amount of damages awarded to the plaintiff and against the defendant: $201,848.13.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**